STATE EX REL. CITY OF HAVRE, RELATOR, *v.* THE TWELFTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF HILL, AND THE HONORABLE BERNARD W. THOMAS, JUDGE THEREOF, RESPONDENTS.

No. 14638.
Submitted March 13, 1979.
Decided March 26, 1980.
Rehearing Denied April 30, 1980.
609 P.2d 275.

182

Jardine, Stephenson, Blewett & Weaver, Great Falls, Jack L. Lewis, argued, Great Falls, George N. McCabe appeared, Great Falls, Marra, Wenz, Iwen & Johnson, Great Falls, Joseph Marra argued, Great Falls, for relator.

Frank Morrison, Jr., argued, Missoula, Larry H. Elison, argued, Missoula, for respondents.

MR. JUSTICE DALY delivered the opinion of the Court.

This is an original proceeding in which the City of Havre and the County of Hill have filed petitions for writs of supervisory control. The dispositive issue is whether a stipulation for dismissal with prejudice, entered into between plaintiff Boucher and defendant police officer Dramstad, bars the plaintiff from proceeding with his claim against the City of Havre and Hill County.

On September 24, 1974, the Havre Police Department received a call advising them that a burglary was in progress at a grocery store in North Havre, Montana. Officers Rex Dramstad and Kenneth Kooch were dispatched to the store to investigate. Upon their arrival at the scene, defendant Dramstad observed a suspect inside the store and ordered the suspect to come out. Once outside the store, the suspect began to run away from Officer Dramstad. In an attempt to apprehend the suspect, defendant Dramstad fired a shot which struck the suspect, plaintiff Ronald Boucher, in the back. This injury is the basis of the two civil actions initiated by the plaintiff against the City of Havre and County of Hill.

On September 27, 1976, plaintiff Boucher filed a complaint in Hill County District Court alleging that Officer Dramstad, the City

of Havre and Hill County were liable for his injuries and all damages resulting from those injuries. Following extensive discovery, the case was set for trial on December 11, 1978. A pretrial conference was held December 11, 1978, where plaintiff Boucher and defendant Dramstad entered into a stipulation for dismissal with prejudice of the claim against Officer Dramstad. The District Court, on the basis of the stipulation for dismissal, entered an order dismissing with prejudice the action against defendant Dramstad.

The remaining defendants, the City of Havre and Hill County, moved for summary judgment on the grounds that the dismissal with prejudice of their agent, Officer Dramstad, exonerated not only defendant Dramstad, but also the City and County as well since their liability could only be vicarious or derivative. The remaining defendants argued that they were entitled to a dismissal with prejudice. The remaining defendants' motions were denied by the District Court; and they now petition this Court for a writ of supervisory control contending the District Court erred in denying their motions for summary judgment.

The plaintiff's complaint stated that the relationship of respondeat superior existed between the City of Havre, the County of Hill, the State of Montana and defendant Dramstad. In *State v. District Court of Thirteenth Jud. Dist.* (1976), 170 Mont. 15, 550 P. 2d 382, we held that by reason of the 1972 Montana Constitution, Article II, section 18, and the State Tort Claims Act, section 2-9-102, MCA, et seq., a municipality and other political subdivisions are liable under the doctrine of respondeat superior for the negligence of an employee acting within the scope of his employment.

The City of Havre and Hill County contend that defendant Dramstad's dismissal with prejudice operates exactly the same as a jury verdict, and it therefore conclusively established that defendant Dramstad did not negligently or intentionally cause plaintiff's injuries. The City of Havre and Hill County further contend that the dismissal with prejudice of their employee collaterally estops the plaintiff from pursuing any claim against them as defendant

Dramstad's employer, based upon the doctrine of respondeat superior.

The plaintiff contends that the dismissal with prejudice was only a trial tactic and it should not be given any collateral estoppel effect. The plaintiff also contends that this Court should look behind the words "with prejudice" in order to determine the true intent of the parties. The plaintiff further contends that by looking behind the words "with prejudice," it is clear that the stipulation for dismissal with prejudice did not constitute a final adjudication on the merits; therefore, the plaintiff's claim against the City of Havre and Hill County should not be barred.

The issue in the instant case has resulted in a split of authority in other jurisdictions. Some courts have held that a consent dismissal with prejudice is tantamount to a judgment on the merits; and, accordingly, such a dismissal is res judicata as to every issue reasonably raised by the pleadings. See *Barnes v. McGee* (1974), 21 N.C. App. 287, 204 S.E.2d 203; *DeGraff v. Smith* (1945), 62 Ariz. 261, 157 P.2d 342. Other courts will look behind the words "with prejudice" and determine the intent of the parties. If it is determined that the parties did not intend the consent dismissal to resolve all of the issues raised by the pleadings, then the principles of collateral estoppel will not be applied. See *Denny v. Mathieu* (Mo.1970), 452 S.W.2d 114.

Although the facts of the instant case are unique, we find guidance from the prior decisions of this Court involving the effect of the release of one joint tortfeasor by the plaintiff. In *Beedle v. Carolan* (1944), 115 Mont. 587, 148 P.2d 559, plaintiff Beedle was put in jail by the Rosebud County Sheriff at the insistence of the Rosebud County Attorney. The plaintiff was later released and thereafter brought suit against the Sheriff for false imprisonment. The suit was settled by the Sheriff, and a written release was executed by the plaintiff. Subsequently, the plaintiff attempted to sue the County Attorney for damages for the imprisonment. The District Court found that the release of the Sheriff served as a bar to

the action against the County Attorney. This Court affirmed and said:

"The words . . . mean that plaintiff has been fully compensated for any injuries arising out of the transaction; having been fully compensated he has no further cause of action. Nothing in the release in any way hints at a reservation of the right to sue the county attorney or anyone else because of the false arrest and, as we have said, that reservation must appear on the face of the instrument." 115 Mont. at 590, 148 P.2d at 560.

In *McCloskey v. Porter* (1973), 161 Mont. 307, 506 P.2d 845, the plaintiff's deceased husband had been injured in an automobile accident when his car had collided with a car driven by the defendant, a minor. A Montana statute provided that a person who signs a minor's application for a driver's license was jointly and severally liable for any damages caused by the minor. In *McCloskey* the minor defendant's father had signed her driver's license application. The plaintiff and the father entered into and signed a written release. The plaintiff then attempted to proceed against the minor defendant, and the District Court granted the defendant's motion for a directed verdict. This Court affirmed and said:

"In Montana, the rule has long been established that the release of one joint tortfeasor releases the others, unless there are clear provisions in the release to the contrary." 161 Mont. at 311-312, 506 P.2d at 847.

The stipulation for dismissal with prejudice in the instant case operates the same as does the release of one joint tortfeasor. Nothing in the stipulation for dismissal with prejudice in any way hints at a reservation of the right to sue the City of Havre and Hill County. As in the cases involving the release of one joint tortfeasor, that reservation must appear on the face of the instrument.

The stipulation for dismissal in the instant case was one "with prejudice." In *Schuster v. Northern Co.* (1953), 127 Mont. 39, 45, 257 P.2d 249, 252, we stated that:

"The term 'with prejudice' as used in a judgment of dismissal has a well-recognized legal import. It is the converse of the term

'without prejudice', and a judgment or decree of dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff."

Therefore, a stipulation of dismissal with prejudice of a defendant is tantamount to a judgment on the merits; and accordingly, such a dismissal with prejudice is res judicata as to every issue reasonably raised by the pleadings. Under the doctrine of respondeat superior, an employer defendant's liability is vicarious or derivative and does not arise until an employee acts negligently within the scope of his employment. A dismissal of a claim with prejudice of an employee is equivalent to a finding that the employee was not negligent. Under the doctrine of respondeat superior, such a dismissal of an employee operates to exonerate the employer. This Court will look at the dismissal with prejudice on its face, and will not look behind the words "with prejudice."

The two judgments denying the motions for summary judgment by the City of Havre and County of Hill are vacated and set aside. The two causes are remanded to District Court with directions to enter judgment with prejudice for both of the remaining defendants.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and SHEEHY concur.

MR. JUSTICE SHEA dissents and will file a written dissent later.